UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
RICKY D. YOUNG,

                      Plaintiff,

       - against -

NEW YORK CITY, NYPD OFFICER JOHN
DOE, NYPD OFFICER JOHN ROE, and
QUEENS ASSISTANT DISTRICT
ATTORNEY JOHN DOE,

                      Defendants.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-0381 (PKC) (TAM)

PAMELA K. CHEN, United States District Judge:

On December 26, 2024, Plaintiff Ricky Young ("Plaintiff"), incarcerated on Rikers Island, proceeding *pro se*, filed this action in the United States District Court for the Southern District of New York pursuant to 42 U.S.C. § 1983 ("§ 1983"). (Compl., Dkt. 1.) On January 22, 2025, the action was transferred to this Court. (Transfer Order, Dkt. 3.) Plaintiff's request to proceed *in forma pauperis* ("IFP"), filed on March 14, 2025, is granted pursuant to 28 U.S.C. § 1915.[1] (IFP Mot., Dkt. 7.) For the reasons set forth below, the Court dismisses the Complaint with leave to amend by April 28, 2025.

## BACKGROUND

Plaintiff alleges that "on or about July 10, 2024," at the "Queen Criminal Court":

> I was having chest pains while at the hospital. My police escort got a call stating that the people decline to prosecute. I was released from the hospital flushing hospital . . . . In volation of the 5th Ammendment of the US Constitution.

(Compl., Dkt. 1 at 4.)[2] He seeks $200 million in damages. (*Id.* at 5.)

---

[1] Incarcerated individuals are not exempt from paying the full statutory filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] The Court quotes the complaint verbatim and the factual recitation in full.

**LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although courts assume all allegations in the complaint to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, courts must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

In addition, the Prison Litigation Reform Act requires a district court to screen a civil complaint brought by an incarcerated person against a governmental entity or its agents and to dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, a district court must dismiss an IFP action if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

To state a claim under § 1983, a plaintiff must plausibly allege "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

Here, Plaintiff's allegations against two unnamed police officers and an unnamed Assistant District Attorney are insufficient to proceed. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that each defendant has adequate notice of the claims against them. *Iqbal*, 556 U.S. at 678 (explaining that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Thus, a plaintiff must allege facts sufficient to allow each named defendant "to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (per curiam) (quoting *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000)). "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative, . . . to dismiss the complaint," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988), however, a *pro se* litigant should generally be granted "leave to amend at least once," *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam)).

Here, Plaintiff does not allege what each Defendant named in the Complaint did or failed to do in violation of his constitutional rights. If Plaintiff seeks to allege that he was falsely arrested, he must allege facts to support that "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Weyant v. Okst*, 101 F.3d 845, 853 (2d Cir. 1996) (alteration in original) (citation omitted). The existence of probable cause to arrest "is a complete defense to an action for false arrest, . . . whether that action is brought under state law or under § 1983." *Id.* at 852 (citations omitted); *see also Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006).

If Plaintiff seeks to allege a claim of malicious prosecution, he must allege facts to "show a violation of his rights under the Fourth Amendment and must establish the elements of a malicious prosecution claim under state law." *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (citations omitted).  In New York, those elements are: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Id.* (quoting *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997)).

Finally, if Plaintiff seeks to allege a claim of deliberate indifference to medical needs in violation of the Fourteenth Amendment, he must allege facts demonstrating that "the alleged deprivation of adequate medical care [was] sufficiently serious," and that "the defendant [acted] with a sufficiently culpable state of mind." *Davis v. McCready*, 283 F. Supp. 3d 108, 116 (S.D.N.Y. 2017) (citations omitted).  Determining whether a deprivation of medical care is objectively serious involves two inquiries: "whether the prisoner was actually deprived of adequate medical care," and "whether the inadequacy in medical care is sufficiently serious, [which in turn] requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006).

At present, Plaintiff does not allege facts to support a claim of false arrest, malicious prosecution, deliberate indifference to medical needs, or any other claim against the Defendants.[3]

---

[3] Plaintiff is advised that the unnamed Assistant District Attorney is entitled to immunity for acts carried out in his prosecutorial capacity. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Such immunity typically applies when a prosecutor acts as "an officer of the court." *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 530 (2d Cir. 1993) (holding that prosecutor's immunity applies not only in the courtroom, but also in connection with the decision whether to commence a prosecution).

4

Therefore, the complaint is dismissed for failure to state a claim. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

## CONCLUSION

Accordingly, the Complaint, filed *in forma pauperis*, is dismissed without prejudice as set forth above. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B). In light of Plaintiff's *pro se* status, the Court grants Plaintiff until April 28, 2025, to file an amended complaint.

If Plaintiff elects to file an amended complaint, it must be captioned "Amended Complaint," and bear the same docket number as this Memorandum and Order, No. 25-CV-0381 (PKC) (TAM). In the amended complaint, Plaintiff must provide the date and location for each relevant event and provide a short plain statement of the relevant facts supporting each claim against each individual Defendant with personal involvement for the acts or omissions giving rise to his claims.

Plaintiff should also provide an address for each named Defendant and identify each Defendant. If Plaintiff cannot identify a Defendant at this time, he must provide the place of employment and the date and time of the event. For example, Police Officer John Doe #1, employed at ___ Precinct, on duty on ____ (date) at ____ (time), along with a physical description of the person.

The amended complaint shall replace the original complaint. That is, the amended complaint must stand on its own without reference to the original complaint. Any facts or claims that are relevant from the original complaint must be repeated in the amended complaint.

If Plaintiff fails to file an amended complaint within the time allowed or show good cause for an extension of time, the Clerk of Court shall be directed to enter judgment and close this case.

5

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order along with a prisoner's civil rights complaint form to the *pro se* Plaintiff and note service on the docket.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 28, 2025
       Brooklyn, New York