UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RICKY D. YOUNG,

                    Plaintiff,

      -against-

NEW YORK CITY, NYPD OFFICER JOHN
DOE, NYPD OFFICER JOHN ROE, and
QUEENS ASSISTANT DISTRICT
ATTORNEY JOHN POE,

                    Defendants.
----------------------------------------------------------X

**ORDER**
25-CV-381 (PKC) (TAM)

PAMELA K. CHEN, United States District Judge:

On December 26, 2024, Plaintiff Ricky Young ("Plaintiff"), incarcerated on Rikers Island and proceeding *pro se*, filed this action in the United States District Court for the Southern District of New York pursuant to 42 U.S.C. § 1983. (Compl., Dkt. 1.) On January 22, 2025, the action was transferred to this Court. (Transfer Order, Dkt. 3.) Plaintiff, however, did not pay the filing fee to commence the action or request leave to proceed *in forma pauperis* ("IFP"). (*See* Notice of Deficiency, Dkt. 6.) The Clerk of Court informed Plaintiff that in order to proceed he must pay the filing fee or file an IFP application along with a prisoner authorization form ("PLRA form") within 14 days. (*Id.*) While Plaintiff failed to respond within the ordered deadline, Plaintiff did file an IFP application and PLRA form on March 14, 2025. (IFP Mot., Dkt. 7; PLRA form, Dkt. 8.)

By Memorandum and Order dated March 28, 2025 (hereinafter, "March Order"), the Court granted Plaintiff's IFP application pursuant to 28 U.S.C. § 1915,[1] and dismissed the Complaint with leave to amend by April 28, 2025. (March Order, Dkt. 10.) The Court also notified Plaintiff

---

[1] Incarcerated individuals are not exempt from paying the full statutory filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

that if he failed to file an amended complaint within the time allowed or show good cause for an extension of time, the Clerk of Court shall be directed to enter judgment and close this case.  (*Id.*, Dkt. 10, at 5.)  On May 5, 2025, the March Order sent to the address provided by Plaintiff was returned to the Court by the United States Postal Service as undeliverable.[2]  (Dkt. 12.)  To date, Plaintiff has not contacted the Court to provide a new address or to file an amended complaint.

Accordingly, the Clerk of Court is respectfully directed to enter judgment, close this action, send a copy of this Order to Plaintiff, and note the mailing on the docket.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 19, 2025
        Brooklyn, New York

---

[2] The Court has no record of Plaintiff filing a notice of change of address or otherwise contacting the Court regarding this case.  It is Plaintiff's responsibility to notify the Court of a change of address.  *See Citak v. More Consulting Corp.*, No. 17-CV-6049, 2018 WL 5311411, at *2 (E.D.N.Y. Oct. 25, 2018) (collecting cases).